UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CENTERSTATE BANK OF FLORIDA, N.A.,**

      **Plaintiff,**

v.                                        Case No:  6:17-cv-2205-Orl-40GJK

**ALEXANDER BARHATKOV,
SUKASHA NANKOO, SPRING LAKE
ASSOCIATION, INC. and UNKNOWN
TENANT(S),**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO APPEAL IN FORMA PAUPERIS (Doc. No. 13)** |
| **FILED:** | **January 10, 2018** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

### I.   FACTUAL BACKGROUND

On December 29, 2017, Alexander Barhatkov, proceeding *pro se*, removed a complaint (the "Complaint") from Florida state court. Doc. Nos. 1, 2. The Complaint seeks foreclosure on a mortgage securing real property located in Seminole County, Florida. Doc. No. 2 at 1, 5. On January 3, 2018, United States District Judge Paul G. Byron remanded the case to Florida state court because Mr. Barhatkov filed his notice of removal more than six months after the thirty-day removal deadline provided in 28 U.S.C. § 1446(b)(1). Doc. No. 11 at 2.

On January 10, 2018, Mr. Barhatkov filed a notice of appeal of Judge Byron's order. Doc. No. 12. The notice of appeal states that Plaintiff has violated federal bankruptcy laws, and Mr. Barhatkov has filed a lawsuit in this Court regarding the same. *Id.* at 1 (citing *Barhatkov v. Centerstate Bank of Fla.*, 6:17-cv-2197-GKS-TBS). Mr. Barhatkov also states that removal was timely because his discovery of Plaintiff's violations were made after consulting with and hiring new counsel. *Id.*

On January 10, 2018, Mr. Barhatkov filed an Application to Proceed in District Court without Prepaying Fees or Costs (the "Motion"). Doc. No. 13. The undersigned interprets the Motion as a motion to appeal *in forma pauperis* under 28 U.S.C. § 1915(a)(3).

## II.   APPLICABLE LAW

An appeal may not be taken *in forma pauperis* if the Court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). "Whether an appeal is taken in good faith is a matter within the discretion of the trial court." *Busch v. Cty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948)). "Good faith" within the meaning of Section 1915 must be judged by an objective standard. *Id.* A party seeking to appeal *in forma pauperis* fails to demonstrate good faith when he seeks to advance a frivolous appeal. *Id.* (citing authority). "In deciding whether an *in forma pauperis* appeal is frivolous under § 1915(e), the district court determines whether there is 'a factual and legal basis … for the asserted wrong, however inartfully pleaded.'" *Id.* (citations omitted).

## III.   ANALYSIS

As noted above, Mr. Barhatkov seeks to appeal Judge Byron's order which remanded this case to Florida state court. Doc. No. 12 at 1-2. Judge Byron's order, however, is not reviewable. 28 U.S.C. § 1447(d) provides:

> (d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d).[1] In *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1043-44 (11th Cir. 2001), the Eleventh Circuit provided further guidance on Section 1447(d):

> Section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...." Despite this broad provision, the Supreme Court has held that § 1447(d) bars appellate review only where the remand order is based upon grounds specified in § 1447(c). Section 1447(c) specifies two grounds for remanding a removed case: (1) lack of subject matter jurisdiction; or (2) procedural defect in the removal of the case. Therefore, in order to determine whether we have jurisdiction to review this appeal, we must decide whether the instant remand order was based upon either of those grounds.

*Id.* (citations omitted). Thus, the Eleventh Circuit held that it does not have jurisdiction to review orders remanding a case to state court if the case was remanded due to: 1) lack of subject matter jurisdiction; or 2) a procedural defect in removal. *Id.* Here, Judge Byron found that Mr. Barhatkov filed his notice of removal more than six months beyond the deadline provided in Section 1446(b)(1). Doc. No. 11 at 2. Thus, because Judge Byron's remand order was based on a procedural defect in Mr. Barhatkov's removal, Judge Byron's order is not reviewable. *See Russell Corp.*, 264 F.3d at 1043-44.

Even if Judge Byron's order were reviewable, Mr. Barhatkov has not complied with the procedural requirements of removal and has presented no proper basis for the same. As noted by Judge Byron, "federal courts are directed to construe removal statutes strictly." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F. 3d 1310, 1313 (11th Cir. 2012) (quoting *Univ. of S. Ala. v. Am.*

---

[1] Section 1447(d) provides exceptions to cases involving federal officers or agencies and certain civil rights cases. *See* 28 U.S.C. §§ 1442, 1443. None of those exceptions apply in this case.

*Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)). 28 U.S.C. § 1446(b)(1) provides that the "notice of removal of a civil action or proceeding shall be filed within [thirty] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading …" *Id.* Here, Mr. Barhatkov was served on June 27, 2017, but did not file his notice of removal until December 29, 2017.[2] Doc No. 1; Doc. No. 1-2 at 30. Thus, Mr. Barhatkov failed to timely remove the case pursuant to 28 U.S.C. § 1446(b)(1).

Furthermore, 28 U.S.C. § 1446(b)(2)(A) provides that when "a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* (emphasis added). Mr. Barhatkov's notice of removal contains no information as to whether the other Defendants consented to removal.[3] Doc. No. 1. *See also Russell Corp.*, 264 F.3d at 1049 ( "[T]he law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court"). Thus, Mr. Barhatkov also failed to comply with 28 U.S.C. § 1446(b)(2)(A).

Finally, Mr. Barhatkov argues that removal was timely because he did not discover Plaintiff's alleged violations of federal bankruptcy laws until he discussed the case with new counsel. Doc. No. 12 at 1. The Supreme Court has held, however, that "a defendant may not remove a case to federal court unless the plaintiff 's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1983). In other words, "a case may not be removed to federal court on the basis of a federal defense …" *Id.* at 14. Here, the Complaint

---

[2] Mr. Barhatkov was previously served on May 17, 2017, but it appears that the Florida state court quashed such service because it was insufficient. Doc. No. 1-1 at 102-04, 149-150; Doc. No. 1-2 at 13.

[3] Mr. Barhatkov's notice of removal merely states that the other Defendants were served with the same. Doc. No. 1 at 3.

presents a single claim for foreclosure on a mortgage, and such claim does not arise under federal law. Doc. No. 2 at 1-6. Thus, Plaintiff's alleged violation of federal bankruptcy laws is not a proper basis for removal.[4] Because there is no factual or legal basis for Mr. Bahatkov's appeal, it is recommended that the Court find Mr. Barhatkov's appeal to be frivolous and not taken in good faith. *See Busch*, 189 F.R.D. at 691.

## IV. CONCLUSION

Accordingly, it is **RECOMMENDED** that the Court:

1) **DENY** the Motion (Doc. No. 13); and

2) **CERTIFY** that Mr. Barhatkov's appeal is not taken in good faith; and

3) **DIRECT** the Clerk to notify the Eleventh Circuit in accordance with Fed. R. App. P. 24(a)(4).

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 21, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[4] Mr. Barhatkov's notice of removal only asserts federal question jurisdiction and provides no facts suggesting that the Court has diversity jurisdiction over this case. Doc. No. 1 at 1-4.